UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JERRY MORGAN, by his next friend, WILLIAM MORGAN | CASE NO:_____ |
| VERSUS | JUDGE:_____ |
| DERRICK HARRIS, BILLY GLASS, LOGAN KERR, CLINT RICHARDSON, JASON VAUGHN, RANDY CHANDLER, and CITY OF SHREVEPORT | MAGISTRATE:_____ |

**ORIGINAL COMPLAINT AND JURY DEMAND**

This is a civil action for legal and equitable relief bought under 42 USC § 1983, 42 USC § 1985 and Louisiana Law.

I.   PARTIES

1. Plaintiff, JERRY MORGAN, (hereinafter "MORGAN") is a person of the age of majority and domiciled in the State of Louisiana. MORGAN lacks the capacity to sue or to be sued under Louisiana Law.

2. WILLIAM MORGAN (hereinafter "WILLIAM") is a person of the age of majority and a relative of MORGAN, who resides with him. WILLIAM appears on behalf of plaintiff, MORGAN, as a "next friend" under Rule 17(c)(2).

3. Defendants are:

    A.   BILLY GLASS ("GLASS"), a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport.

1

GLASS is sued in his personal capacity.

  B. DERRICK HARRIS ("HARRIS"), a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport. HARRIS is sued in his personal capacity.

  C. LOGAN KERR ("KERR"), a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport. KERR is sued in his personal capacity.

  D. CLINT RICHARDSON ("RICHARDSON"), a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport. RICHARDSON is sued in his personal capacity.

  E. JASON VAUGHN ("VAUGHN"), a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport. VAUGHN is sued in his personal capacity.

  F. RANDY CHANDLER ("CHANDLER"), a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport. CHANDLER is sued in his personal capacity.

  G. The CITY OF SHREVEPORT hereinafter "CITY"), a chartered municipality organized under the laws of the State of Louisiana. The CITY OF SHREVEPORT was the employer of defendants, HARRIS, GLASS, KERR, RICHARDSON, VAUGHN and CHANDLER.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction as the plaintiff's claims arise under the laws of the United States and the United States Constitution. This Court has supplemental jurisdiction

to hear and decide those claims arising from the same facts and circumstances and asserted under Louisiana Law. Venue is proper in this Court pursuant to 28 USC § 1391(b) because the acts giving rise to the claims asserted in this lawsuit occurred in this judicial district.

### III. FACTUAL BACKGROUND

5. The CITY is a chartered municipality organized under the laws of the State of Louisiana.

6. The CITY operates a full-time, paid fire department with numerous fire stations located throughout the city limits.

7. These fire stations are staffed with fire service employees who are trained in emergency fire and medical response.

8. The fire stations also serve as "safe houses" for citizens who need assistance.

9. The CITY offers programs and activities at the fire stations that are open to the public.

10. The fire stations are open to visitors and guests.

11. MORGAN is a mentally impaired adult and over the past 30-40 years, has visited and participated in activities conducted at the fire station, even residing at the fire station for numerous days at a time.

12. Many of the firefighters at Station 8 befriended MORGAN. MORGAN helped the firemen clean the station. MORGAN rode with them as a guest passenger on fire and emergency calls. MORGAN would even clean their personal vehicles for them and socialized with them.

13. Though MORGAN was befriended by most of the firemen who worked at Station 8, was ridiculed, abused and used for sport by some.

14.     HARRIS, GLASS, VAUGHN, RICHARDSON, KERR and CHANDLER (collectively "Defendants") physically abused, exploited and ridiculed MORGAN because of his disability.  These Defendants acted individually and in concert and knew, or reasonably should have known that their conduct would cause MORGAN to suffer humiliation, emotional distress and physical injury.

15.     Defendants directly and indirectly engaged in numerous incidents of abuse which caused MORGAN mental and physical injury, as well as emotional distress.

16.     The non-exclusive list of wrongful acts of Defendants included:

   a.   Hiring a prostitute to have sex with MORGAN, luring MORGAN into the firehouse for that purpose, and watching and video recording, or attempting to video record the act;

   b.   For their own sport and amusement, served MORGAN alcoholic beverages at the fire station, inducing him to drink to excess, in order to provoke MORGAN to engage in humiliating acts;

   c.   Endangering MORGAN by exposing him to the elements;

   d.   Secretly placing or attempting to place noxious substances in MORGAN's food and beverages, inducing him to eat and drink without knowledge of the contents;

   e.   Falsely imprisoning in shower or elsewhere and spraying MORGAN with a fire hose against his will;

   f.   Falsely imprisoning MORGAN at the station and at other locations;

   g.   Threatening, insulting and humiliating MORGAN;

   h.   Making other threats to harm MORGAN if he disclosed the abuse.

17. The acts of Defendants, committed individually and in concert, cause MORGAN physical and mental injury and emotional distress.

18. Most of the unlawful conduct committed by the Defendants occurred at Station 8 or when MORGAN accompanied a Defendant on a medical or fire response run in a CITY fire truck or medic response vehicle. Some of the abuse committed by the Defendants occurred at an unknown location and off of CITY property.

## IV. CAUSES OF ACTION

### 42 USC § 1983

19. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 18 above.

20. Defendants acted under color of law in their capacities as fire service employees of the CITY. They abused their authority as public servants by discriminating against MORGAN on the basis of his disability.

21. Defendants were cruel to MORGAN because of his disability. Their cruelty interfered with and impeded MORGAN's right to participate in the activities and programs at the Station on the same terms and conditions as those who were not mentally disabled.

22. Defendants violated MORGAN's right to equal protection, as guaranteed to MORGAN by the Fourteenth Amendment to the United States Constitution by treating him differently from non-disabled guests and visitors at the station.

23. Federal Law forbidding harassment as a mechanism for the denial of equal protection was well established at the time these Defendants harassed and cruelly abused MORGAN.

24. Defendants acted with knowing and/or reckless disregard of MORGAN's

established Fourteenth Amendment right to equal protection.

25.    Pursuant to the provisions of Section 1983, MORGAN seeks and is entitled to recover compensatory and punitive damages from Defendants, HARRIS, GLASS, VAUGHN, RICHARDSON, KERR and CHANDLER. MORGAN further seeks costs and attorney's fees pursuant to the provisions of 42 USC § 1988.

### 42 USC § 1985 Conspiracy to Violate Civil Rights

26.    Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 25 above.

27.    Defendants conspired for the purpose of depriving, either directly or indirectly, MORGAN's right to equal protection of the laws.

28.    At all relevant times, the law was clearly established that state actors cannot conspire to violate another's civil rights.

29.    Defendants acted with knowing and/or reckless disregard of MORGAN's right to equal protection.

30.    Defendants are liable to MORGAN for compensatory and punitive damages, costs and attorney's fees for conspiring to deprive MORGAN of his right to equal protection.

### V.    LOUISIANA TORT LAW

31.    Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 30 above.

32.    MORGAN asserts claims under La. Civil Code Articles 2315 and 2324.

### VI.    CIVIL CODE ARTICLE 2324 - CONSPIRACY

33.    Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 32 above.

34. HARRIS, RICHARDSON, KERR, VAUGHN, GLASS and CHANDLER conspired to cause MORGAN harm.

35. These Defendants conspired to have a prostitute have sex with MORGAN, conspired to view and record the act, and further conspired to humiliate MORGAN before, during and after the act took place.

36. These Defendants conspired to continuously humiliate, degrade, abuse and harass MORGAN.

37. These Defendants conspired to invade MORGAN's privacy and to commit other torts against him.

## VII. TORTS

38. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 37 above.

39. The torts committed by HARRIS, RICHARDSON, VAUGHN, KERR, GLASS and CHANDLER, individually and in furtherance of the conspiracy, include, but are not limited to. Battery, Sexual Battery, Assault, False Imprisonment, Defamation, Invasion of Privacy and Intentional Infliction of Emotional Distress.

## VIII. ASSAULT AND BATTERY

40. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 39 above.

41. Defendants purposefully touched MORGAN in ways that were harmful or offensive to MORGAN.

42. Defendants administered noxious fluids and substances to MORGAN. Defendants also intentionally created the reasonable apprehension of physical abuse and

other unwanted physical contact.

43. Defendants in an attempt to humiliate and degrade MORGAN would spray him down with fire hoses in the shower against his will.

## IX. FALSE IMPRISONMENT

44. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 43 above.

45. Defendants falsely imprisoned MORGAN by forcing him to succumb to being sprayed down by Defendants for their own personal amusement, against his will;

46. Defendants falsely imprisoned MORGAN by holding him against his will for extended periods of time at and around the fire station for their own personal amusement.

47. Defendants falsely imprisoned MORGAN by retrieving him (or had retrieved) from his residence after news of the abuse he sustained over the years became public, and held him against his will, and away from his family for a number of days in an attempt to "woodshed" MORGAN and influence his testimony regarding incidents giving rise to the instant causes of action.

## X. INVASION OF PRIVACY

48. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 47 above.

49. Defendants unreasonably and publicly disclosed embarrassing, private facts of MORGAN'S life by intentionally making third parties and others aware of MORGAN's emotional state and/or deficiencies for their own amusement and the amusement of others.

50. Defendants photographed and/or recorded MORGAN's interaction with the prostitute, against MORGAN's will.

51. The photographs and recordings were shown to others.

### XI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 51 above.

53. Defendants intended, or were substantially certain that their actions would cause MORGAN embarrassment and extreme emotional distress.

54. Defendants' actions shock the conscious as said acts are far beyond the toleration of a reasonable member of society.

55. Defendants' conduct caused MORGAN emotional problems, including humiliation and embarrassment, mental anguish, depression, anxiety and sleeplessness.

56. Defendants engaged in continual, coordinated and capricious mistreatment of MORGAN.

57. Although the nature of their tortious activity varied, each tortious act built upon previous acts and compounded the physical, mental and emotional damage to MORGAN.

58. Defendants' tortious activity has been continuing, cumulative and synergistic.

### XII. CLAIMS AGAINST THE CITY OF SHREVEPORT

59. Plaintiff incorporates herein as if set forth in full the allegations of paragraphs 1 through 58 above.

60. The CITY OF SHREVEPORT employed defendants, HARRIS, KERR, VAUGHN, GLASS, RICHARDSON and CHANDLER, and is liable via *respondeat superior* for their abuse of MORGAN and should be held liable for damages and injuries suffered by MORGAN arising from the torts of its employees.

61. Defendants, HARRIS, KERR, VAUGHN, GLASS, RICHARDSON and CHANDLER, acted within the course and scope of their employment when they committed torts against MORGAN.

62. The Shreveport Fire Department offers educational and social programs and activities to the public and uses the fire service employees who staff the various fire stations to facilitate those services and programs.

63. The duties associated with such programs for which Defendants were engaged by the CITY to perform, including, but not limited to:

   a. providing access to the fire station to MORGAN and other persons with mental disabilities;

   b. providing "safe house" accommodations to persons such as MORGAN;

   c. mentoring those interested in the fire service;

   d. hosting visitors at the station and allowing them to participate in means and social events conducted there;

   e. allowing guests to ride along with fire service employees;

   f. adopting a "station mascot" and "honorary fireman".

64. Defendants, HARRIS, KERR, VAUGHN, GLASS, RICHARDSON and CHANDLER, were engaged in the performance of the aforementioned duties when they negligently, or intentionally injured MORGAN through acts of harassment, assault, sexual battery, battery, false imprisonment and invasion of privacy.

65. Defendant, HARRIS, a Captain, was the highest ranking employee at Station 8 and had supervisory authority over the other Defendants, who were subordinate in rank to

him.

66. Defendant, HARRIS, knew of the conduct of Defendants, KERR, VAUGHN, GLASS, RICHARDSON and CHANDLER, and not only did Defendant, HARRIS, encourage their abuse of MORGAN, but he actively participated in it.

67. The Defendant, CITY, is liable via *respondeat superior* for the torts of conduct they were re-engaged to perform.

68. The Defendant, CITY, is liable via *respondeat superior* for the torts of Defendants, HARRIS, KERR, VAUGHN, GLASS, RICHARDSON and CHANDLER, because its supervisory employee, HARRIS, was aware of the abuse of MORGAN, participated in the abuse and allowed it to continue.

## XIII. PRAYER

69. JERRY MORGAN, through his next friend, WILLIAM MORGAN, prays, seeks, and is entitled to damages, both punitive and compensatory, pre-judgment interest on all monetary awards, and reimbursement of his costs and attorney's fees. Plaintiff also requests any and all other relief to which he may show himself entitled.

70. Plaintiff requests a jury trial.

Respectfully submitted:

/s/ Yves M. Verret, III
Yves M. Verret, III, L. Bar No. 31999
The Law Office of Yves M. Verret, III
3985 Airline Drive
Bossier City, Louisiana 71111
(318) 742-7474 - Telephone
(318) 742-7767 - Facsimile
yverret@verretlawfirm.com
ATTORNEY FOR PLAINTIFF